### BALDASOR KRUMEICK v. SEBASTIAN KRUMEICK.

Proceedings had in the court for the trial of small causes, may be brought into this court by certiorari, for the purpose of reviewing and correcting any error in the awarding, or issuing execution in the cause.

The provision in the statute, *Rev. Laws*, 798, *sec* 6, taking away from the court the right of reviewing, in the first instance, such judgments as are subjected to the ordeal of an appeal to the Court of Common Pleas, does not restrict the general superintending jurisdiction of this court over other proceedings in the court for the trial of small causes.

The awarding of, or issuing execution, is no part of the original judgment. It is a subsequent and distinct proceeding.

The party who applies for an execution against a freeholder, before the time limited in the law has expired, must make it appear from the facts, and circumstances detailed under oath, to the satisfaction of the justice, that there is danger of losing his debt, or demand, unless execution issue immediately. It is the justice, and not the party only, who must think in his conscience, there is danger.

If the application for execution is not made immediately upon the rendition of the judgment, and in the presence of the opposite party ; but the successful suitor waits till his adversary has retired ; or makes his application on a subsequent day, notice ought to be given to the other party, and a reasonable opportunity afforded to him to comply with the provisions of the act.

---

This was an action of debt, commenced by summons in the

court for the trial of small causes, a trial before a jury in the presence of both parties, and a verdict and judgment for the plaintiff, for the sum of seventy dollars, with costs. After the defendant had left the court, the plaintiff applied for an execution, upon making what is usually called the oath of danger. The justice issued the execution. The proceedings are removed into this court by certiorari.

*J. P. Jackson* for the plaintiff in certiorari, insisted,

1. That this court has a general superintending control over inferior tribunals, and cited, 1 *South.* 387. The statute, *Rev. Laws* 798, *sec.* 6, applies to judgments alone. It is a proceeding after judgment, which we seek to review and set aside. The issuing of an execution has been considered by this court as a separate and distinct act from the judgment, and cited *Penn. Rep.* 137, 150, 157, 317, 319, 529, 624; 1 *Halst. Rep.* 153.

2. The execution issued in this case ought to be set aside, because the defendant being sued by summons, is to be considered a freeholder, and entitled to a stay of execution for six months, unless the plaintiff shall satisfy the justice that he is in danger of losing his debt, if execution is delayed. The affidavit made by the plaintiff is defective in not setting forth the facts, which were to satisfy the justice. It is the conscience of the justice which must be satisfied. *Rev. Laws,* 629, 635; *Penn. Treatise,* 2 *edit.* 53.

3. Notice ought to have been given to the defendant, that application would be made, or had been made to the justice for an execution. The plain interpretation of the act requires this. Upon notice the defendant might have given security, as required by the act, and thus have secured a stay of execution for six months.

HORNBLOWER, C. J. The counsel for the plaintiff in certiorari, in opening this case, stated, that the object of the plaintiff was to reverse and set aside so much of the proceedings of the justice as relates to the awarding and issuing of the execution. Upon inspecting the transcript, it appears, that the trial was had and the judgment rendered, in the presence of the defendant below, who is the plaintiff in certiorari.

After rendering judgment, the justice has entered upon his docket as follows, viz:—" After the parties separated, the plain-

tiff made and filed an affidavit, and I issued execution immedi-
ately." An affidavit of what, or for what purpose, is not sta-
ted on the record ; but the justice has sent up, with the tran-
script, an affidavit made before him, by the plaintiff below, on
the same day that judgment was rendered ; which affidavit is in
the words following : " Essex county, ss. The said Sebastian,
being duly sworn, on his oath saith, that if execution doth not
issue immediately against the said Baldasor Krumeick, he be-
lieves himself in danger of losing the debt and costs recovered
in the aforesaid action against the said Baldasor Krumeick,
and further saith not."

This no doubt is the affidavit upon which the justice awarded
and issued execution. The first question to be considered, is
whether the proceedings in a case like this, can be brought here
upon certiorari, for the purpose of reviewing and correcting any
error in the awarding or issuing execution in the cause ?

By the sixth section of the supplement to the act constituting
courts for the trial of small causes, *Rev. Laws* 796–8, it is en-
acted, that no judgment from which an appeal is given, shall be
removed into the Supreme Court, by certiorari or otherwise,
" for the correction of any supposed error therein,"—that is,
for the correction of any supposed error *in the judgment* render-
ed by the justice. But it does not follow that this court may
not require the judgment and proceedings had before the justice
to be certified into this court, for the purpose of seeing whether
the justice has not exceeded his jurisdiction, or of correcting
his proceedings subsequent to the judgment. It is true, in all
the cases cited by the plaintiff's counsel from *Pen. Rep.* 1 *Pen.
R.* 137, *ibid* 156, 7 ; *ibid* 317, 319 ; 2 *Pen. R.* 529, *ibid* 624, in
which this court set aside the execution as unduly issued, it was
upon the ground, that there had been no lawful judgment to war-
rant the execution, and in those cases the court reversed and set
aside the whole proceedings. Nor am I aware of any case, in
which this court have set aside an execution, issued by a justice
where there has been a lawful judgment, or a judgment not un-
der the control of this court.

But I cannot discover any solid or legal objection to such a
proceeding. The provision in the statute, taking away from
this court the right of reviewing in the first instance such judg-

ments, as are subjected to the ordeal of an appeal, to the Court of Common Pleas, does not in terms, and need not by implication, restrict the general superintending jurisdiction of this court over other proceedings in the court for the trial of small causes ; and if an irregular or erroneous execution, issued out of that court, cannot be arrested or set aside, because we cannot impeach or control the judgment on which it is founded, great oppression and injustice may be done, as in the case of judgment for one sum and an execution upon it for another or larger amount, or a judgment against executors or administrators as such, and an execution against their persons.   Though a judgment cannot be affirmed in part and reversed in part, it being an entire thing, 2 *Bac. Abr.* 500, *tit. Error ; Coxe R.* 34.  Yet where there are distinct independent judgments in one action, as in an action of account, or in dower, judgment may be reversed in part and affirmed for the residue.   *Hay* v. *Imlay,* 2 *Pen. Rep.* 832, *&c.* and see 2 *Saund.* 101, *n. v ;* 1 *Str.* 828; 2 *Ld. Ray.* 893 ; *Bart* v. *Lookup,* 4 *Burr,* 2018.   The awarding of or issuing execution is no part of the original judgment.   It is a subsequent and distinct proceeding in the cause, to take place when the time elapses, or the circumstances exist, which by law entitle the party to have execution.

Was then the execution regularly and lawfully issued by the justice in this case ?

By the 24th section of the act constituting the justices court, *Rev. Laws* 629, 635, it is provided, that if judgment is given against a freeholder for a sum exceeding sixty dollars, no execution shall be issued thereon until after six months, "unless the party in whose favor judgment may be given, shall *make it appear* to the satisfaction *of the justice,* either on his or her own oath or affirmation, or the oath or affirmation of some indifferent person, that he or she is in danger of losing his or her debt, &c. if such delay of execution be allowed "—and then the act makes it the duty of the justice to issue execution immediately, " unless the party against whom judgment is given, shall thereupon give security, &c. for the payment of the debt, &c."

The late Mr. Justice Pennington, in his treatise upon the court for the trial of small causes, 2d *edit.* 53, speaking of this part of the act, says: " The common practice I understand, is

Krumeick *v.* Krumeick.

for the plaintiff to make oath, that he verily believes that he is in danger of losing his debt or demand, unless execution issues immediately, or some oath or affirmation of like import. On this the justice thinks himself justified, *and even bound* to issue execution immediately. As far as this practice hath obtained, it is certainly wrong. *It is not put to the conscience of the plaintiff, but to the sound discretion of the justice,* on the facts disclosed to him under oath. The facts sworn to, must be such as to carry conviction to the mind of the justice that the delay will endanger the debt. The language of the act is, *shall make it appear to the satisfaction of the justice*—not that the plaintiff can reconcile it to *his* conscience, to say under oath, that *he* thinks there is danger. But the justice after hearing the facts and circumstances detailed, under oath, must say," or be able to say, " that *he* thinks, in *his* conscience there is danger." I have cited this passage at large, because we think it expresses the sound and reasonable construction of the act. But in the case before the court, the justice seems to have fallen into the common error, spoken of by the author. He took and filed the plaintiff's affidavit, it is true ; but it is an affidavit of what the plaintiff *thought* and *believed* about the matter ; instead of an affidavit, disclosing some particular facts and circumstances relating to the defendant's conduct or pecuniary affairs, upon which the justice could exercise *his* judgment, and form *his* opinion or belief in the case. The justice was *satisfied* there was danger in delay, because the plaintiff was ; and therefore issued execution immediately. This was clearly wrong if the defendant was a freeholder ; and it must be conceded upon this record, he was such ; for otherwise there was no use of any affidavit at all ; and the plaintiff was entitled to have execution immediately upon the rendition of judgment in his favor. Besides the defendant was sued by summons ; and the last clause of the 24th section, *Rev. Laws* 636, enacts that in all cases where the defendant is sued by summons, the justice may consider and proceed against him as a freeholder, unless the plaintiff shall satisfy him to the contrary.

But the justice committed an error also, in issuing the execution, without giving the defendant an opportunity of putting in security, and thereby availing himself of the protection and indulgence which the act of assembly extends to freeholders un-

Krumeick *v.* Krumeick.

der such circumstances. For notwithstanding the justice upon a proper state of facts may be satisfied that delay will endan- ger the debt, &c. yet, the defendant may postpone the execution, by giving security to the plaintiff for the damages or costs ; but how can he do this, unless the application for execution is made in his presence, or notice thereof is given to him ; or at least notice, that such proof has been made and that execution will is- sue accordingly, unless security is given. The language of the act is, " unless the party, &c. shall *thereupon* give security, &c." Thereupon, upon what ? Most manifestly from the plain read- ing of the law, *upon* the justice being *satisfied*, as before men- tioned.

If therefore the application for execution is not made imme- diately upon the rendition of judgment and in the presence of the opposite party ; but the successful suitor waits till his ad- versary has retired ; or makes his application on a subsequent day, notice ought to be given to the other party, and a reasona- ble opportunity afforded him to comply with the provision of the act ; or else those provisions are idle and illusory. It is too late to give the security after the execution is issued. It is to prevent, not to supercede it after it has been issued. I am sen- sible there may be peculiar circumstances, rendering the giving of notice difficult, or even impossible ; or where such a notice to a failing or fraudulent judgment debtor would increase the plaintiff's danger, or prove fatal to the recovery of his money. In such cases the justice must be governed by a sound discre- tion in view of the peculiar facts disclosed to him by the plain- tiff, and direct such notice to be given as the exigencies of the case may dictate. If the defendant cannot be found, or avoids the service of a notice, those facts ought to be made to appear to the justice, who should state them upon his record as the reason why execution was issued, without any notice being served on him. The effect of such a proceeding may, when the case hap- pens, require the consideration of this court; but the mere dan- ger that the party may make an improper use of the notice, will not justify this or any other court in dispensing with it.

Let the execution issued by the justice in this cause, be set aside, and declared void, and the record be remanded to the justice with a copy of this order, to be by him proceeded on ac- cording to law.

CITED AND REVIEWED in *Shay* v. *Norton,* 1 *Harr.* 379.